JjPICKETT, J.

FACTS

Angela Calk filed a disputed claim for compensation benefits against her former employer, EPCO-Carbon Dioxide Products, Inc. (EPCO), seeking an increase in supplemental earnings benefits (SEBs), penalties and attorney fees. The facts are not in dispute.
On May 28,1994, Angela Calk suffered a serious head injury while working as a truck driver for the defendant. Ms. Calk participated in extensive rehabilitation in an effort to return to the work force. She was permanently disabled and could not return to her former job. Through rehabilitation she was able to obtain a GED in 1999. Ms. Calk also acquired an associate’s degree in accounting and office technology through the State of Louisiana Job Training Program, which she completed in February 2001. The claimant’s treating physician, however, restricted her work because of her inability to think clearly during stressful situations. Ms. Calk was limited to twenty-five hours of work per week and was ordered to avoid stressful working environments.
In March 2001, on her own, Ms. Calk obtained part-time employment with Huey T. Littleton Claims Service as a clerical worker. She worked, on average, four to five hours per day for a total of twenty-five hours per week. Initially she was paid $7.00 per hour with an increase to $7.50 per hour after six months. The defendant paid the claimant SEBs while she worked for Littleton, as her wages were substantially lower wages than she had earned pre-injury.
While still employed by Littleton, and with the encouragement of the rehabilitation consultant provided by the defendant, Ms. Calk continued to look for | ¡¡other work at a higher rate of pay. In January of *974 2002, in an attempt to better her financial status, she began working for Med-Express Ambulance Service (Med-Express) for more hours and at a higher rate of pay. The Med-Express job also provided job benefits such as medical insurance that her job at Littleton did not provide. Although this job exceeded the hours her treating physician had ordered, the claimant stated she believed this job was in compliance with the doctor’s restrictions and would be considered “part time” since she would work four twelve-hour shifts but then have four consecutive days off duty.
The position as dispatcher at Med-Express, however, exceeded her capabilities, and she was fired after two weeks. The stated reason for her dismissal was her inability to perform the required tasks.
Upon being terminated by Med-Express, the claimant immediately contacted Littleton in an attempt to go back to work at her previous position. That position, however, had been filled and was no longer available.
Upon obtaining the position at Med-Express, the claimant had immediately notified the defendant, who reduced the claimant’s SEBs due to the increase in her earnings. When she was terminated she notified the defendant of that termination as well as her failed attempt to return to Littleton at her old position. She demanded that her benefits be reinstated at the maximum rate of $319.00 per week since she had no income. Instead, the defendant began paying the claimant SEBs based on her earnings while employed at Littleton. This disputed claim for compensation followed.
The claimant remained unemployed until August 2, 2002, when she went to work part-time with KWDF Ball Broadcasting Company at $5.15 per hour.
13At trial, the workers’ compensation judge found that the claimant demonstrated an earning capacity within her medical restrictions while working for Littleton. In addition, the workers’ compensation judge concluded the claimant voluntarily left her job at Littleton and the defendant was entitled to base the claimant’s SEBs on the wages earned while employed by Littleton. The claimant’s request for penalties and attorney fees was denied. It is from this judgment the claimant appeals.

DISCUSSION

There is no question, as found by the workers’ compensation judge, that the appellant has proven her entitlement to SEBs. The issue before this court is strictly at what rate SEBs should be paid.
Since the appellant met the initial burden of proving entitlement to SEBs, the burden shifted to the employer to establish job availability. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551. In Banks, the Supreme Court of Louisiana stated that the employer may meet its burden by showing the following by competent evidence:
(1) the existence of a suitable job within claimant’s physical capabilities and within claimant’s or the employer’s community or reasonable geographic region;
(2) the amount of wages that an employee with claimant’s experience and training can be expected to earn in that job; and
(3) an actual position available for that particular job at the time that the claimant received notification of the job’s existence.
By “suitable job,” we mean a job that claimant is not only physically capable of performing, but one that also falls within the limits of claimant’s age, experience, and education, unless, of course, the em *975 ployer or potential employer is willing to provide any additional necessary training or education.
Id. at pp. 10-11; 696 So.2d at 557.
|4The workers’ compensation judge ruled the defendant is entitled to pay SEBs based on the claimant’s “proven wage earning ability at Huey Littleton,” finding the job there was “unavailable” only because she voluntarily left it. We disagree with the workers’ compensation judge’s determination.
Having proven entitlement to SEBs, the burden shifted to the defendant to show the existence of a suitable job within the claimant’s capabilities that was actually available to the claimant as required by Banks. The defendant has never ■ been required to address the Banks requirements, relying exclusively on the argument that the claimant voluntarily left the Lit-tleton position, a job she was clearly capable of handling.
All the evidence in this case established the claimant is a highly motivated individual who has worked extremely hard to come back from a debilitating head injury which required her to be retaught how to even walk, talk and feed herself. She has not relied solely on defendant to assist her in reentering the work force. She has attained her GED. She pursued successfully an associate’s degree through the State of Louisiana Job Training Program. She found the job at Littleton through her own efforts. She took the advice of the rehabilitation officer provided by the defendant and, with the rehabilitation officer’s encouragement, continued to look for a better paying job with better benefits while she was working at Littleton. She ultimately found a job she honestly believed she could perform at Med-Express. Unfortunately, due to her lack of ability to handle stress as a result of the head injury she has suffered, she was unable to perform the required duties and was terminated. Her previous job at Littleton had been filled, and she found herself unemployed.
IrNo one questions the appellant’s motivations or intentions in leaving the position at Littleton. Although it was a job she was capable of performing, it was unavailable. Under the specific facts of this case, we find that the Littleton position was unavailable through no fault of the appellant.
We find the appellant is entitled to SEBs from January 27, 2002, until August 2, 2002, at a zero base. Thereafter, SEBs will be paid at a minimum wage base. The judgment of the workers’ compensation judge is reversed, and judgment is entered in favor of the appellant as stated above.

Penalties and Attorney Fees

Louisiana Revised Statute 23:1201(F) provides for penalties and attorney fees when an employer and/or insurer fails to timely pay compensation benefits unless the employee’s right to the compensation being claimed is reasonably controverted.
Under the facts of this case we find the claim was reasonably controverted and decline to impose penalties and attorney fees.

CONCLUSION

The judgment of the workers’ compensation judge is reversed, and judgment is entered in favor of the appellant, Angela Calk, for SEBs at the full rate from January 27, 2002, until August 2, 2002. Thereafter, SEBs will be paid at a minimum wage base. The appellant’s request for penalties and attorney fees is denied. The appellee is cast with all costs at trial and on appeal, together with any legal interest which may have accrued.
REVERSED AND RENDERED.
AMY, J., dissents and assigns written reasons.